NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

FEB 22 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

YAN BING LIN,

              Petitioner,

  v.

MERRICK B. GARLAND, Attorney General,

              Respondent.

No.   20-72132

Agency No. A209-761-921

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 14, 2023[**]

Before:     FERNANDEZ, FRIEDLAND, and H.A. THOMAS, Circuit Judges.

Yan Bing Lin, a native and citizen of China, petitions pro se for review of

the Board of Immigration Appeals' ("BIA") order dismissing his appeal from an

immigration judge ("IJ") decision denying his applications for asylum, withholding

of removal, and protection under the Convention Against Torture ("CAT").  We

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings, applying the standards governing adverse credibility determinations under the REAL ID Act. *Shrestha v. Holder*, 590 F.3d 1034, 1039-40 (9th Cir. 2010). We deny the petition for review.

Substantial evidence supports the agency's adverse credibility determination based on misrepresentations on his visa applications and implausible testimony regarding protection in Mexico. *See id.* at 1048 (adverse credibility finding reasonable under the totality of the circumstances); *see also Li v. Garland*, 13 F.4th 954, 961 (9th Cir. 2021) (false information on visa application supported adverse credibility determination); *Lalayan v. Garland*, 4 F.4th 822, 838 (9th Cir. 2021) (implausible explanations supported adverse credibility determination). Lin's explanations do not compel a contrary conclusion. *See Lata v. INS*, 204 F.3d 1241, 1245 (9th Cir. 2000). Substantial evidence also supports the agency's finding that Lin's documentary evidence did not independently establish eligibility for relief. *See Rodriguez-Ramirez v. Garland*, 11 F.4th 1091, 1094 (9th Cir. 2021) (absent credible testimony, petitioner failed to establish eligibility for relief). Thus, in the absence of credible testimony, Lin's asylum and withholding of removal claims fail. *See Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir. 2003) (failure to satisfy lower asylum standard results in failure to satisfy withholding standard).

We do not address Lin's contentions as to meriting a favorable exercise of discretion with respect to his asylum claim because the BIA did not deny relief on this ground. *See Santiago-Rodriguez v. Holder*, 657 F.3d 820, 829 (9th Cir. 2011) ("In reviewing the decision of the BIA, we consider only the grounds relied upon by that agency." (citation and internal quotation marks omitted)).

Substantial evidence also supports the agency's denial of CAT protection because Lin's claim was based on the same testimony the agency found not credible, and Lin does not point to any other evidence in the record that compels the conclusion that it is more likely than not he would be tortured in China. *See Farah*, 348 F.3d at 1157.

The temporary stay of removal remains in place until the mandate issues.

**PETITION FOR REVIEW DENIED.**